## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-7214 PA (RZx) | Date | August 24, 2010 |
|---|---|---|---|
| Title | Ava Enterprises, Inc. v. Aeronet Inc., et al. | | |

Present: The Honorable     PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

None     None

**Proceedings:**     **Order to Show Cause**

      Pursuant to the Order of Dismissal filed in this action, plaintiff AVA Enterprises has dismissed its Complaint. Additionally, defendant and cross-claimant Aeronet has dismissed its cross-claims against defendant and cross-defendant FLS Transportation Services, Inc. The only remaning claims are Aeronet's cross-claims against cross-defendants NPI Express, Inc., Jose Garcia Jerez, and Pedro Mayonada. AVA Enterprises' Complaint was filed in this Court pursuant to the Carmack Amendment of the Interstate Commerce Act, 49 U.S.C. § 14706. Subject matter jurisdiction was therefore premised on the existence of a federal question. Aeronet's Cross-Claim, however, does not allege a jurisdictional bases, and instead only alleges state law causes of action for equitable indemnity, contribution, and declaratory relief.

      The Court may decline supplemental jurisdiction under 28 U.S.C. § 1367(c) if: "(1) the claim raises a novel or complex issue of state law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." Because the Court has now dismissed all of the claims over which it possesses original jurisdiction, the Court orders the parties to show cause in writing why it should not decline to exercise supplemental jurisdiction over Aeronet's Cross-Claim. See Executive Software v. U.S. Dist. Court for the Cent. Dist. of Cal., 24 F.3d 1545, 1555–56 (9th Cir. 1994) (holding that once supplemental jurisdiction has been established under § 1367(a), a district court "can decline to assert supplemental jurisdiction over a pendant claim only if one of the four categories specifically enumerated in section 1367(c) applies."). The parties' responses to this order to show cause shall be filed by August 30, 2010. The failure to adequately respond to the order to show cause may result in the Court declining to exercise supplemental jurisdiction over the remaining claims and dismissing those claims without prejudice. See 28 U.S.C. § 1367(d).

      IT IS SO ORDERED.